Deleg-Lopez v. Bondi

BIA
Reid, IJ
A220 449 750/751/752

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-five.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

CELSO RICARDO DELEG-LOPEZ, VALERIA SETEFANIA LOPEZ-ZHICAY, T.M. D.-L.,
> *Petitioners,*

v.                                                    23-7268
                                                      NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

---

[1] The Clerk's office is respectfully directed to amend the caption as reflected above.

FOR PETITIONERS:     Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Celso Ricardo Deleg-Lopez, Valeria Setefania Lopez-Zhicay, and their minor son, natives and citizens of Ecuador, seek review of a September 11, 2023, decision of the BIA affirming a March 4, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Deleg-Lopez*, Nos. A 220 449 750/751/752 (B.I.A. Sept. 11, 2023), *aff'g* Nos. A 220 449 750/751/752 (Immig. Ct. N.Y. City Mar. 4, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified and supplemented by the BIA, i.e., including the BIA's finding that Petitioners waived their CAT claim.  *See*

*Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

First, as the Government argues, Petitioners have abandoned their CAT claim because their brief here does not challenge the BIA's finding that they waived the claim, nor does it address the merits of the claim. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted).

Second, substantial evidence supports the agency's denial of asylum and withholding of removal. Applicants for asylum and withholding of removal must establish past persecution or a fear of future persecution and show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*,

52 F.4th 103, 105–06 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding). Where, as here, applicants seek relief based on membership in a particular social group, they have to show both that the group is cognizable and that membership in the group is a central reason for the harm suffered or feared. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

Although an "applicant need not demonstrate that a protected ground was the exclusive reason for persecution," *Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010), "where there is more than one motive for mistreatment . . . , an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted," *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). An "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's" protected characteristic. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the view and motives of the persecutor." (quotation marks omitted)). We review a nexus determination for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006).

4

Petitioners asserted membership in the particular social group of "younger parents of the lower socio-economic class in Ecuador." Certified Administrative Record ("CAR") 72. The agency determined that they had not established a nexus between the harm suffered and membership in that group because the assailants tried to recruit Deleg-Lopez to strengthen their gang's operations, and not because of his membership in any particular social group. Petitioners argue that, as set forth in Deleg-Lopez's affidavit, "he was targeted . . . because of his youth and because he had a young child." Petitioner's Brief at 10 (citing CAR 92).

Substantial evidence supports the agency's conclusion that Petitioners failed to show that Deleg-Lopez's youth or status as a parent was a central, rather than a "tangential or incidental" reason, that the gangs targeted him. *Garcia-Aranda*, 53 F.4th at 758. Deleg-Lopez stated that gang members attempted to recruit him on several occasions, threatening and physically harming him in reprisal for his refusals to join the gang. The agency could reasonably conclude that these facts reflect that the gang wanted to expand its ranks, not that gang members had animosity towards him as a young parent, and Deleg-Lopez did not present other facts to show that the gang was motivated by characteristics of the proposed group. *See Garcia-Aranda*, 53 F.4th at 757; *Quituizaca*, 52 F.4th at 115. The gang's

5

attempt to increase its power does not establish that Deleg-Lopez (or his partner and child) was targeted on account of a protected ground. *See Paloka*, 762 F.3d at 196–97; *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (holding that "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'"). For these reasons, substantial evidence supports the agency's decision.

Because Deleg-Lopez failed to establish a nexus, we need not reach the cognizability of his proposed social group. *See Paloka*, 762 F.3d at 195; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6